**In re HCS CORPORATION, Debtor.**

**AUTOMATIC MEDICAL ANALYSTS, a California corporation, Stan Staulz, doing business as S & M Drugs, Plaintiffs,**

**v.**

**Julius PEARL, Safeco Insurance Company of America, a corporation, Defendants.**

**Bankruptcy No. 80–01884–K7.**
**Adv. No. C83–2059–P7.**

United States Bankruptcy Court, S.D. California.

April 15, 1986.

Philip M. Cohen, San Diego, Cal., Julius Pearl, Trustee, San Diego, Cal., for plaintiffs.

James Beshears, Grant & Beshears, San Diego, Cal., for defendants.

## MEMORANDUM DECISION

LOUISE DECARL MALUGEN, Bankruptcy Judge.

### FACTS

Attorney James Beshears ("Beshears") seeks compensation in the amount of $5,861 for fees and $39.40 as cost reimbursement for professional services rendered to Julius Pearl, Trustee, between July 14, 1983 and February 20, 1986. Beshears represented Pearl in an adversary proceeding brought by Automated Medical Analysts ("Automated"), seeking to surcharge the trustee for negligence. The surcharge action has been tentatively settled and a request for dismissal will be filed subsequent to this Court's determination of Beshears' application for compensation.

The complaint to surcharge was filed in July 1983. In October 1983, Beshears filed an Application, Declaration of Proposed Counsel, and Order Authorizing Employment of Counsel. The order was signed by Bankruptcy Judge Pyle and entered October 4. The order states:

> Upon application of Julius J. Pearl, the trustee for the estate of HCS Corpora-

tion, the debtor, praying for authority to employ and appoint James W. Beshears of Grant and Beshears, attorneys at law, under a general retainer to represent him in the adversary proceeding entitled, *Automatic Medical Analysts, et al. v. Julius Pearl, et al.*, bearing Adversary Proceeding No. C83–2059–P7, arising out of the within bankruptcy case, and it appearing and the Court being satisfied that said attorney represents no interest adverse to the trustee, debtor, or its estate in the matters upon which he is to be engaged, and that this employment is necessary and would be in the best interest of the estate ... IT IS ORDERED that the debtor herein be and herein is authorized to employ James W. Beshears of Grant and Beshears to represent him as trustee under a general retainer in the above-described adversary proceeding. IT IS FURTHER ORDERED that said attorney is authorized to be paid from the estate subject to allowance of the particular fees incurred.

Automated vigorously opposes payment of any fees to Beshears for defending the trustee. Automatic argues that Beshears did not assist the trustee in carrying out his duties and his services were not necessary to the administration of the estate in that no benefit was conferred upon the estate. Automated additionally opposes payment of compensation on the theory that Beshears acted in direct conflict with the interests of the estate and its creditors and any payment from the estate would constitute a violation of the canons of ethics. At the March 13 hearing, Automated also questioned whether Judge Pyle understood the true nature of the order authorizing Beshears' employment.

### ISSUES

I. Whether Beshears' compensation should be denied due to a conflict of interest between his position as attorney for trustee and the estate.

II. Whether fees and expenses for professional services rendered in defending a

trustee for negligence in the administration of the estate are compensable from the bankruptcy estate.

## DISCUSSION

■ Initially, the Court must address Automated's argument that Judge Pyle did not fully understand the nature of the order which he signed authorizing Beshears' employment. Automated's suggestion is not well taken. Absent compelling evidence, it would be the most inappropriate form of Monday morning quarterbacking for this Court to engage in speculation as to the nature and level of understanding of a fellow bankruptcy judge and respected colleague. Automated offers no evidence other than the motion to appoint Beshears was made on an *ex parte* basis. Accordingly, the Court finds no merit in Automated's contention.

■ Compensation of an attorney whose employment was authorized by the Court may be denied in whole or in part where a conflict of interest arises between the attorney and the party he represents. *In re Coastal Equities*, 39 B.R. 304 (Bankr.S.D. Calif.1984); *In re Roberts*, 46 B.R. 815 (Bankr.D.Utah 1985). Bankruptcy Code § 328(c) authorizes denial of compensation:

... at any time during such professional person's employment ... [if] ... such professional person ... represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed.

■ Automated cites the *Roberts* case, *supra*, in support of its argument that Beshears' compensation be denied. In *Roberts*, attorneys for the debtors (Roberts, Inc., a Utah corporation and the Roberts, individually) represented that they neither held nor represented any interest adverse to the estate and they were disinterested under 11 U.S.C. § 101(13). In fact, the attorneys had several undisclosed interests including: Representation of the corporation's principals prior to filing for relief; possession of an unsecured claim against the corporate debtor in an amount

in excess of $2,000; and, the individual debtor, Larry Roberts, owed the corporate debtor $43,196.51, and the corporate debtor owed Barbara Roberts $57,693.87. In denying all compensation requested, the *Roberts* court exhaustively catalogued the cases in this area and compiled 34 different circumstances in which conflicts arise justifying denial of compensation. None of those circumstances is present in the case currently before the Court. Automated fails to articulate any interest disclosed or undisclosed, which Beshears holds that conflicts with the interests of the estate. Further, as more fully discussed below, the estate has an interest in defending trustees in litigation.

The remaining issue is whether Beshears may be compensated from the estate for representing the trustee in an action seeking to surcharge the trustee for negligence in the administration of the estate. Automated argues that the trustee may not be compensated, since no benefit to the estate results from such representation. This is an issue of first impression.

■ Bankruptcy Code § 323(b) expressly recognizes that a trustee may be sued. The trustee may or may not prevail. If the trustee is determined to be negligent in the administration of the estate, the trustee is personally liable. *In re Cochise College Park, Inc.*, 703 F.2d 1339 (9th Cir.1983). Obviously, if the trustee is determined to have properly exercised his judgment, no liability results. The difficulty with adopting Automated's position is that even where a trustee properly exercises his business judgment, but is nonetheless sued, the trustee's defense could not be funded by the estate. By definition, where the trustee is a defendant, settlement of the action will not result in the recovery of assets, which will increase amounts paid to unsecured creditors.

■ The absence of a monetary benefit to the estate is not determinative of whether compensation for court-appointed attorneys is awarded or denied. In discussing the differences in standards for awarding

compensation to court-appointed professionals as contrasted with non-court-appointed professionals, my colleague Judge Meyers stated in *Coastal Equities:*

> Provided there was disinterested loyalty, considering the success of their efforts, and weighing the factors of § 330, court appointed attorneys are entitled to compensation whether or not any benefits were in fact conferred on the estate. *Coastal Equities, supra,* at 310.

Trustees are an integral part of the successful operation of the bankruptcy laws. If this Court required the trustee to pay for his or her own representation, given the relatively modest compensation the Code provides for trustees, the practical effect would be that few trustees would be willing to serve. This is especially true regarding non-attorney trustees. The Ninth Circuit has expressly recognized the concern that absent provisions for adequate compensation of bankruptcy professionals, highly qualified professionals would abandon bankruptcy work in favor of more remunerative kinds of work. *In re Nucorp Energy, Inc.,* 764 F.2d 655, 658 (9th Cir. 1985).

█ Additionally, it must be noted that Judge Pyle's order authorizing Beshears' employment and compensation has never been challenged in the 2½ years since it became operative. Counsel for Automated has actively and vigorously represented their interests in this matter since the initial filing of the surcharge complaint, and knew that Beshears anticipated compensation from the estate. In light of the above discussion and no objections having been raised under 11 U.S.C. § 330 as to the reasonableness of his fees, Beshears' compensation appears to this Court to be reasonable and is allowed in its entirety. Further, the amount awarded shall be paid from the estate.

This Court is aware that Automated's claim constitutes approximately 90 percent of the entire estate and payment of Beshears' fees will have a dramatic effect on the amount Automated receives. However, Automated was not without recourse in protecting its interests and could have done so within the context of its settlement agreement with the trustee.

This Memorandum Decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Mr. Beshears shall prepare an order in conformance with this Decision within ten (10) days from the date of entry hereof.