**In re Coy Wayne BAKER and Lynn Baker, dba K.R.O.R. Radio; aka K–Roar Broadcasting, Debtors.**

**Bankruptcy No. 683–08029–R7.**

United States Bankruptcy Court, D. Oregon.

Dec. 24, 1986.

Eric Haws, Eugene, Or., for debtors.

Eric Roost, Eugene, Or., Chapter 7 Trustee & Trustee's atty.

John H. Foster, Eugene, Or., Chapter 11 Trustee.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Judge.

This matter comes before the court upon the objection of Eric R.T. Roost, the duly appointed Chapter 7 trustee herein (Chapter 7 trustee) and the objection of Magda Vargas, a creditor (objecting creditor) to the final account and report of John H. Foster, the former Chapter 11 trustee herein (Chapter 11 trustee) filed April 21, 1986. The Chapter 7 trustee and objecting creditor maintain that the final report of the Chapter 11 trustee should not be approved and that the Chapter 11 trustee should be surcharged since he paid monies to himself, an attorney, Robert Nowack, the wife of said attorney, Mary Nowack, and a consulting firm, Financial Strategies N.W. without prior court approval, notice, or any court order authorizing such payments. In addition, the Chapter 7 trustee contends that the final report of the Chapter 11 trustee is inaccurate or incomplete and that a further accounting should be ordered. Both the Chapter 7 trustee and objecting creditor request an order from this court requiring the Chapter 11 trustee to pay into the estate all funds which they maintain have been unlawfully disbursed.

Debtors filed their petition for relief under Chapter 11 of the Bankruptcy Code on September 12, 1983. The major asset of the estate is a corporation, K.R.O.R. Broadcasting, Inc., an Oregon corporation (the corporation). The corporation owned and operated a radio station in Myrtle Creek, Oregon. The debtors were the only shareholders of the corporation at the time the petition was filed.

The debtors continued as debtors-in-possession until August, 1984, when their attorney, (upon discovering that the debtors were no longer residing within this district and were no longer available to operate the radio station) moved to have a Chapter 11 trustee appointed. In response to the motion of debtors' attorney, the Chapter 11 trustee was appointed as interim trustee herein on August 17, 1984. Thereafter, a hearing was set on motion of the debtors' attorney and an order was entered making the Chapter 11 trustee's appointment permanent.

On August 23, 1984, the Chapter 11 trustee filed an application to employ Thomas A. Huntsberger to act as his attorney in this case (Huntsberger). Huntsberger was duly appointed to act as the Chapter 11 trustee's attorney pursuant to an order entered herein on September 13, 1984.

On March 22, 1985, Timber Community Bank, a secured creditor, filed a motion to convert this case to a case under Chapter 7 of the Bankruptcy Code or, in the alternative, to set a time certain for the filing of a Chapter 11 plan and disclosure statement and to require the Chapter 11 trustee to render an accounting. Several days later William Petersen, another secured creditor, filed a motion to dismiss this case and to require an accounting. In his motion, Mr. Petersen alleged that the Chapter 11 trustee had failed to account for all property held or received by him and that he had failed to furnish information concerning the estate and its administration which had been requested by creditors. He further maintained that the Chapter 11 trustee had disposed of secured collateral and had failed to distribute the sales proceeds to the secured creditor.

A hearing was held on both of these motions on May 15, 1985. It appeared, at the hearing, that the Chapter 11 trustee had not been filing regular monthly financial reports. It also appeared that creditors had not been given adequate information concerning the administration of this estate. The Chapter 11 trustee maintained

that there had been little activity in the estate. He advised the court that the corporation was not in bankruptcy and that most of the financial transactions had involved the corporation. He had installed himself as the president of the corporation and was acting as such. Since only the corporation's financial transactions were involved, the Chapter 11 trustee contended that he was not obligated to report to the court and creditors in the usual fashion. The Chapter 11 trustee tendered, at the hearing, a document entitled "Financial Report" which purported to be a summary of his activities from the date of his appointment through and including April, 1985.

As a result of this hearing, this court ordered the Chapter 11 trustee to file a composite financial statement within thirty (30) days of May 15, 1985, covering the period of time from August, 1984 through June 1, 1985, and that the Chapter 11 trustee file regular monthly financial reports each month, thereafter, such reports to be filed not later than thirty (30) days following the end of each month. This court further ordered the Chapter 11 trustee to file a Chapter 11 plan and disclosure statement within ninety (90) days from May 15, 1985 and that the creditors' motions for dismissal or conversion would be continued for ninety (90) days.

When financial reports were not filed, as ordered, this court entered an order on June 28, 1985, requiring the Chapter 11 trustee to appear and show cause why he should not be removed and/or why this case should not be converted to a case under Chapter 7 of the Bankruptcy Code. A hearing was held on this order on July 17, 1985, at which the Chapter 11 trustee appeared personally and by his bankruptcy counsel, Huntsberger. The Chapter 11 trustee requested that this case be converted to a case under Chapter 7 of the Bankruptcy Code and further requested that he be retained as trustee. Creditor, William Petersen, appeared by and through his attorney, Karen Mays. She agreed that the case should be converted but requested that a regular panel trustee, be appointed as the trustee in this case. This court

entered an order on July 24, 1985 converting this case to a case under Chapter 7 of the Bankruptcy Code and appointing Eric Roost as the Chapter 7 trustee.

The Chapter 11 trustee filed his first final accounting with this court on September 13, 1985. This accounting set forth a summary of financial transactions regarding the sale of certain horses. The accounting further indicated that the Chapter 11 trustee would not apply for fees or expenses connected with this case since such compensation had already been paid to him by the corporation as part of his duties as president.

A hearing was held on the Chapter 11 trustee's final accounting on February 19, 1986. The Chapter 7 trustee objected to the Chapter 11 trustee's final account on the basis that the Chapter 11 trustee had paid monies to himself, to attorney Robert Nowack and to the wife of Robert Nowack, Mary Nowack, without prior notice and/or court approval. The Chapter 7 trustee further maintained that the Chapter 11 trustee had failed to file an itemized statement of property received and disposed of as required by 11 U.S.C. § 1106(a)(1).

This court sustained the Chapter 7 trustee's objections, denied approval of the Chapter 11 trustee's final accounting of September 13, 1985 and ordered the Chapter 11 trustee to file an amended final accounting including detailed information on the administration of all assets of this estate, including any and all corporations controlled or owned by the estate.

On April 21, 1986, the Chapter 11 trustee filed another document entitled "Trustee's Final Report". This report discloses that the Chapter 11 trustee had made payments to himself for fees and/or expense reimbursement in the total sum of $2,470.77, payments to Robert Nowack for attorney's fees and expense reimbursement in the total sum of $4,674.26, a payment to Mary Nowack as a commission for the sale of certain horses in the sum of $336.12, and a payment to Financial Strategies N.W. for consulting services in the sum of $176.25.

The Chapter 7 trustee and objecting creditor objected to this final report.

The hearing on the Chapter 11 trustee's final report of April 21, 1986 was held on August 27, 1986. At this hearing the Chapter 11 trustee appeared personally and made his oral arguments to the court. In addition, he gave testimony upon the questioning of the Chapter 7 Trustee. Again, the Chapter 11 trustee maintained that the corporation was not in bankruptcy. Only the corporation's former shareholders were the subject of this bankruptcy proceeding. Accordingly, he indicated that he was not bound by the usual requirements that would be imposed upon a bankruptcy trustee. The Chapter 11 trustee maintained that the corporation could pay its own expenses without prior notice to creditors and/or court approval. Specifically, the payments made to himself were compensation for his services rendered as the corporation's president. Fees were paid to Robert Nowack for services rendered by him as the attorney for the corporation. He chose, as the corporation's president, to employ Mary Nowack to assist in the sale of certain horses which were fully secured. He paid Financial Strategies N.W. for their assistance to him in attempts to market the radio station.

The Chapter 11 trustee admitted that no court order had ever been sought or obtained employing Robert Nowack, Mary Nowack or Financial Strategies N.W. to act on behalf of the estate in any capacity. He further admitted that the payments made to himself, Robert Nowack, Mary Nowack and Financial Strategies N.W. were made, by him, without any prior notice to creditors of the intended payments, and that no court order had ever been entered allowing the payment of any such fees and/or other compensation.

The Chapter 11 trustee maintained that in operating the corporation and making these payments, he was acting under the specific advice and counsel of Robert Nowack, the corporation's attorney, who advised him that he could operate the corporation outside the supervision and control of this court and the usual bankruptcy procedures. He admitted that Huntsberger had advised him that what he was doing, in this regard, was not a good idea. It was not clear from the Chapter 11 trustee's testimony as to exactly when the discussion(s) with Huntsberger took place.

This court denied the Chapter 7 trustee's request that Chapter 11 trustee be required to file yet another final accounting containing more detailed information but indicated that such a denial was without prejudice to further requests, if necessary. This court then took the remaining issue as to whether or not the Chapter 11 trustee should be surcharged, under advisement.

The Chapter 11 trustee's argument that the payments made to himself, Robert Nowack, Mary Nowack and Financial Strategies N.W. were proper since the payments were made from the corporation rather than the estate, clearly lacks merit. 11 U.S.C. § 541 provides in pertinent part as follows:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

Accordingly, since the corporation was wholly owned by the debtors, it became an asset of this estate, upon the filing of the Chapter 11 petition. 11 U.S.C. § 323(a) provides, "The trustee in a case under this title is the representative of the estate."

It is true that the Chapter 11 trustee appointed himself as the president of the corporation and continued to operate and/or attempt to sell the corporation as such. He was able to assume this position, however, by virtue of his appointment as the Chapter 11 trustee in this case. The corporation was an asset of this estate and the Chapter 11 trustee was acting as its representative, in a fiduciary capacity, to manage all estate assets (including the cor-

poration) for the benefit of the estate and its beneficiaries, the creditors herein.

The law is well-settled on the procedure to be followed by a trustee in the payment of compensation to the trustee or a professional person rendering services on behalf of the estate. The pertinent statutory references are as follows:

11 U.S.C. § 327(a) provides:

(a) Except as otherwise provided in this section, the trustee, with the *court's approval,* may employ one or more attorneys, accountants, appraisers, auctioneers, or others professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title. (emphasis added)

11 U.S.C. § 330(a) in effect at the time the petition was filed herein provided that:

(a) *After notice to parties in interest* and to the United States Trustee *and a hearing,* and subject to sections 326, 328 and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses. (emphasis added)

11 U.S.C. § 331 provides as follows:

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered be-

fore the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

In addition, Bankruptcy Rule 2016(a) provides:

(a) **Application for Compensation or Reimbursement.** A person seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested. An application for compensation shall include a statement as to what payments have theretofore been made or promised to the applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case, the source of the compensation so paid or promised, whether any compensation previously received has been shared and whether an agreement or understanding exists between the applicant and any other person for the sharing of compensation received or to be received for services rendered in or in connection with the case, and the particulars of any sharing of compensation or agreement or understanding therefor, except that details of any agreement by the applicant for the sharing of compensation as a member or regular associate of a firm of lawyers or accountants shall not be required. The requirements of this subdivision shall apply to an application for compensation for services rendered by an attorney or accountant even though the application is filed by a creditor or other person.

■ In this case, the Chapter 11 trustee admits that he did not seek the approval of this court to employ Robert Nowack as an attorney, Mary Nowack in any capacity or the services of Financial Strategies N.W. as a consultant as required by 11 U.S.C. § 327. In addition, the Chapter 11 trustee

admits that no notice of the compensation paid to himself, Robert Nowack, Mary Nowack, or Financial Strategies N.W. was ever sent to any parties in interest, giving them an opportunity for a hearing, nor was any court order ever sought or obtained regarding these payments as required by 11 U.S.C. § 330. No applications for interim compensation were filed by any of the above-named parties as permitted by 11 U.S.C. § 331, nor were any applications for compensation submitted as required by Bankruptcy Rule 2016(a). Accordingly, this court finds that the payments made by the Chapter 11 trustee to himself, Robert Nowack, Mary Nowack and Financial Strategies N.W. were unauthorized and improper.

■ The Chapter 11 trustee seeks to defend himself from personal liability by his assertions that he relied solely upon the advice of Robert Nowack who was retained as the attorney for the corporation. He admits, however, that he was advised by his bankruptcy counsel, Huntsberger, that his mode of operation, including the payments, were not a good idea. It appears that the Chapter 11 trustee chose to disregard the advice he had received from his bankruptcy attorney (one who had been employed in accordance with the proper procedure) in favor of the advice he received from Robert Nowack, whose employment had not been authorized by this court. The advice that the Chapter 11 trustee chose to follow was the advice that would permit him to operate unfettered by any normal bankruptcy guidelines for the administration of estates and the advice which would permit himself, as well as attorney Robert Nowack, to receive prompt, unsupervised, payment.

Nevertheless, this court need not decide whether or not the Chapter 11 trustee's conduct was intentionally wrongful. "If the trustee is determined to be negligent in the administration of the estate, the trustee is personally liable." *In re HCS Corp.*, 59 B.R. 307, 309 (Bankr.S.D.Cal.1986); *In re Cochise College Park, Inc.*, 703 F.2d 1339 (9th Cir.1983). This court finds that the Chapter 11 trustee was negligent in making the improper disbursements described above.

The law appears to be well settled that when a trustee intentionally or negligently makes improper disbursements from the estate, that his accounts are to be surcharged and that he is personally liable to reimburse the estate for the amounts so disbursed. *Thomas Corporation v. Nicholas*, 221 F.2d 286 (5th Cir.1955); *In re Lambertville Rubber Co.*, 111 F.2d 45 (3rd Cir.1940); *Albers v. Dickinson*, 127 F.2d 957 (8th Cir.1942); *In re Cochise College Park, Inc.*, 703 F.2d 1339 (9th Cir.1983); *In re HCS Corp.*, 59 B.R. 307 (Bankr.S.D.Cal. 1986). This court therefore concludes that the remedy sought by the Chapter 7 trustee and the objecting creditor is appropriate, that the final report of the Chapter 11 trustee should be surcharged and that he should be required to personally reimburse the estate herein for all sums improperly disbursed to himself, Robert Nowack, Mary Nowack and Financial Strategies N.W., in the total sum of $7,657.40.

This court also notes, in passing, that the Chapter 11 trustee's final report of April 21, 1986 discloses disbursements made after this case was converted from a Chapter 11 proceeding to a case under Chapter 7 of the Bankruptcy Code and the Chapter 11 trustee's authority, to act as such, had clearly ceased. This may be a matter for further investigation by the Chapter 7 trustee.

■ While the estate must be made whole, it should not reap a windfall from the surcharge. After payment in full to the estate, as set forth above, the Chapter 11 trustee should then be subrogated to the rights of the estate to recover any of the funds improperly disbursed to Robert Nowack, Mary Nowack or Financial Strategies N.W.

This Opinion shall constitute findings of fact and conclusions of law; they shall not be separately stated.