**In re D.L. ENTERPRISES, a California limited partnership, Debtor.**

**Bankruptcy No. SA 87–04449 JR.**

United States Bankruptcy Court, C.D. California.

July 21, 1988.

Todd Ringstad of Lobel, Winthrop and Broker, Irvine, Cal., James R. DeMarco of McKittrick, Jackson, DeMarco & Peckenpaugh, Newport Beach, Cal., for debtor.

Ralph G. Pagter, Santa Ana, Cal., for Glory Ludwick & Associates.

## MEMORANDUM OPINION

JOHN E. RYAN, Bankruptcy Judge.

The matters before me involve a motion to vacate an order appointing McKittrick, Jackson, DeMarco & Peckenpaugh as special counsel to debtor ("MJDP") and a motion by MJDP to reconsider my order denying its application for attorney's fees.

## JURISDICTION

This court has jurisdiction over this adversary proceeding pursuant to 11 U.S.C. § 1334(a) (the district courts shall have original and exclusive jurisdiction of all cases under Title 11), 28 U.S.C. § 157(a) (authorizing the district courts to refer all Title 11 cases and proceedings to the bankruptcy judges for the district) and General Order No. 266, dated October 9, 1984 (referring all Title 11 cases and proceedings to the bankruptcy judges for the Central District of California). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## STATEMENT OF FACTS

Debtor filed its Chapter 11 petition on July 20, 1987. On November 17, 1987, it filed its application for approval of the retroactive employment of MJDP as special counsel (the "Application"). The Application was signed by James Dennehy, general partner of Oak Hills, Ltd. ("OHL"), a limited partnership and general partner of debtor. The Application indicated that MJDP had provided legal services to debtor prior to the commencement of the case, was instrumental in negotiating and documenting the proposed sale of debtor's real property (the "Property"), had assisted in procuring a buyer for the Property at a price of $21,800,000, and was owed $65,582 for pre-petition legal services performed for debtor. Debtor indicated that it had not submitted an earlier application for employment because MJDP expected to be compensated for its services directly from the proceeds of the partners' distribution of the sales proceeds.

The Application also disclosed that except for representing debtor as general corporate counsel, the firm had no other "connection with the debtor, its attorneys, creditors, or any other parties in interest." Mr. James R. DeMarco, a principal of the firm, declared that except for the prior representation of debtor, MJDP had no other connection with the debtor, or "any other outside party in interest." He further declared that MJDP had been paid $50,000 for previous services during the year prior to the filing of the case. In addition, MJDP had rendered services after the filing to debtor in connection with the negotiations for the sale of the Property amounting to approximately $23,000.

A hearing was set on the Application for December 1, 1987. The hearing was later continued to December 22, 1987.

Glory Ludwick & Associates ("GLA"), a limited partner of debtor, filed a nonobjection to the Application. In the nonobjection, GLA stated that it did not consent to the employment and reserved the right to dispute the payment of fees. At the hearing on the Application, the U.S. Trustee did not oppose the approval and no representative of GLA attended the meeting. Based upon the disclosures and lack of opposition, I saw no reason to deny the request.

On March 18, 1988, MJDP filed its first interim application for attorneys' fees (the "Fee Application") for the period July 20, 1987 through February 29, 1988 requesting fees in the amount of $49,619.25 and reimbursement for costs of $1,761.42. In support of the Fee Application, MJDP recited its role in the successful sale of the Property. With the sale of the Property, a surplus estate resulted and all unsecured creditors with approved claims were paid. GLA filed an objection to the Fee Application on the grounds that MJDP should not have been retained in the first place and some services that were performed were outside the authority of the employment order. At the hearing it was disclosed that MJDP not only represented the debtor prior to the filing of the bankruptcy case, but also represented OHL and its general partner, Dennehy, in various litigation pitting GLA against debtor, OHL and Dennehy. These lawsuits involved the removal of lis

pendens filed on the Property by GLA. I also learned for the first time that MJDP continued to represent OHL and Dennehy subsequent to the filing of the bankruptcy petition while at the same time it represented debtor as special counsel.

Upon hearing this, I indicated that I was unwilling to approve the Fee Application until GLA had an opportunity to move for reconsideration of my order approving the employment of MJDP. DeMarco responded that he would rather have the fee request denied than go through an additional hearing on the matter. I granted his request.

On May 17, 1988, GLA filed a motion to vacate my order approving the hiring of MJDP as special counsel to debtor. Debtor responded to GLA's motion to vacate stating that GLA should have moved for reconsideration before the lapse of five months, that any assertion of lack of disinterestedness is moot because the services have already been performed with an undeniable benefit to the estate, and that fairness and equity dictate that MJDP get paid for its services. MJDP also filed objections to the proposed order on the Fee Application that denied its fees and moved for reconsideration of that order.

On June 7, 1988, I heard GLA's motion to vacate my order approving the Application of MJDP and MJDP's motion for reconsideration of my order denying its Fee Application. I took the matter under submission to reflect and write about an issue that greatly concerns me.

## DISCUSSION

In retrospect, I believe counsel in these proceedings would admit that many things should have been done differently. The consequence for failure to do the job right is a waste of time and money for everyone involved. Starting with the Application, it was deficient. It did not disclose the prepetition or post-petition representation by MJDP of OHL and Dennehy. It also did not disclose the extensive litigation between GLA and debtor, OHL and Dennehy. If such disclosures had been made, I would have denied the Application. The U.S.

Trustee indicates that if it had known of these matters, it would have opposed the employment.

The employment of MJDP was under § 327(e) of the Bankruptcy Code ("Code") rather than § 327(a) of the Code. The distinction between these two sections is important. Section 327(a) covers the employment of an attorney to represent a trustee (and a debtor-in-possession through § 1103 of the Code) generally. It requires that the attorney "not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." Thus, the attorney must satisfy the court that he or she does not have an actual conflict of interest with the estate and that he or she is a disinterested person. To be a disinterested person, the attorney must not be a creditor, an equity holder or an insider of the debtor or have an interest materially adverse to the debtor or any class of creditors or equity security holders because of his or her relationship to or connection with debtor or for any other reason. See § 101(13) of the Code. Obviously, MJDP could not be approved for employment under § 327(a) because it was a creditor of debtor on a prepetition claim for approximately $66,000 and it was certainly not disinterested based on its prior representation of debtor, OHL and Dennehy against GLA.

On the other hand, § 327(e) does not require that the attorney be disinterested. It states that

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

Debtor's application to employ MJDP indicated that MJDP would be employed for the special purpose of assisting debtor in consummating the sale of the Property. MJDP had been involved in the transaction

prior to filing the bankruptcy and had an excellent rapport with the prospective buyer. Debtor rightly believed that MJDP would be of assistance in negotiating and consummating this sale. Section 327(e) contemplates that an attorney who is not disinterested may be needed to represent the debtor for a special purpose. The legislative history to § 327(e) indicates that as long as the attorney does not hold an interest adverse to the estate, employment is acceptable. See H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 328 (1977); S.Rep. No. 95–989, 95th Cong.2d Sess. 38–39 (1978), U.S. Code Cong. & Admin.News 1978, 5787. However, this section does not authorize general representation of the estate. To clarify the situation, the committee notes state that "the subsection will most likely be used when the debtor is involved in complex litigation, in changing attorneys in the middle of a case after the bankruptcy case has commenced would be detrimental to the progress of that other litigation." *Id.* The Application appeared to satisfy the requirements of § 327(e) exactly.

The problem is that the Application did not contain full disclosure as mentioned above. Bankruptcy Rule 2014 requires that any application under § 327 disclose

the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants.

Neither the Application nor the accompanying declaration of DeMarco revealed the lawsuits between debtor and GLA, its sole limited partner. Debtor and GLA are bitter adversaries. GLA had commenced four lawsuits prior to the filing of debtor's Chapter 11 petition. MJDP represented debtor, OHL and Dennehy in those lawsuits. These facts were not disclosed in the Application. In addition, the Application did not mention MJDP's representation of OHL and Dennehy before and after the commencement of the bankruptcy case.

MJDP responds that it did not intentionally fail to make these disclosures. According to DeMarco, he did not prepare the Application or his declaration. He reviewed the Application and declaration and signed the declaration. He is not a bankruptcy expert and declares that he relied upon debtor's bankruptcy counsel, Lobel, Winthrop & Broker ("LWB"). Mr. Todd Ringstad of LWB confirms that he prepared the Application and that he did not focus on the pre-petition activities of MJDP or the need to disclose the potential conflict of interest resulting from MJDP's representation of debtor and OHL at the same time. He apologized to the court and stated that his firm had taken steps to make sure that this type of problem would not occur again.

I am upset because when asked to approve the Application, I did not have all the material facts necessary to make a sound judgment. Certainly, if I had known about the lawsuits and the true extent of the animosity between GLA and debtor, OHL and Dennehy, I would not have put the estate or myself in the difficult position of having to determine whether services performed by MJDP were for the benefit of the estate or OHL and Dennehy.

Except in exceptional circumstances, I do not believe dual representation of this nature should be sanctioned. If it is, the court will always be faced with the impossible task of determining whether the services were performed for debtor or the other parties in interest. A general partner wears two hats. It generally has interests separate and distinct from the partnership. Although a general partner has fiduciary duties to other members of the partnership, it usually maintains an ownership interest in the partnership and exercises certain rights and privileges for its sole benefit. Consequently, it makes decisions both for the partnership and for itself.

An attorney is at peril when simultaneously representing a partnership and its general partner. The attorney will always be suspect in the eyes of creditors and limited partners as sometimes subordinat-

ing the interests of the partnership to benefit the general partner. In my view, an attorney should never place himself or herself in that position. An attorney who does is just asking for trouble. See *In re McKinney Ranch Associates*, 62 B.R. 249, 255 (Bankr.C.D.Cal.1986).

Section 327(e) requires that the attorney not hold an interest adverse to debtor or to the estate. MJDP's prior representation of debtor in the lawsuits and its ongoing representation of OHL and Dennehy during the pendency of the case alone does not constitute an adverse interest. More precisely, such representation does not create an actual conflict of interest with respect to the sale of the Property which is the matter MJDP was retained to handle. Technically then, MJDP satisfied the requirements of § 327(e).

This, however, is not the end of the story. Section 327(e) requires that the court give its approval to the employment. The court has great discretion in this area. See *In re Kroeger Properties and Development, Inc.*, 57 B.R. 821, 822 (9th Cir. BAP 1986), *In re Film Ventures Intern., Inc.*, 75 B.R. 250, 253 (9th Cir. BAP 1987). As I previously indicated, if I had known what I know today, I would not have approved the employment of MJDP. As a general rule, I will not approve the employment of special counsel to represent a debtor while that attorney continues to represent the interests of the general partner for the reasons previously discussed. To do otherwise would invite the same kind of problems that I have to resolve here.

■ GLA opposes the payments of fees to MJDP arguing that MJDP provided the services to benefit OHL and Dennehy and not the estate. GLA points out that MJDP seeks payment for time spent attending the partnership meetings of OHL. How can I determine with any degree of certainty that the purpose of MJDP's attendance at these partnership meetings was for debtor's benefit when MJDP represents three different entities present at that meeting? I would be a fool to put myself in that position willingly. The mere fact an attorney may technically satisfy the elements of

§ 327(e) does not necessitate approval. The final determination is left to the judge and that judgment will not be undone absent an abuse of discretion. The foundation upon which that judgment is built is full disclosure. That is why Rule 2014 mandates full disclosure whenever a § 327 application is filed.

Debtor and MJDP failed to make full disclosure under Rule 2014. This places MJDP at risk of not being paid for the services it performed for the estate even though the services were certainly necessary and expertly performed. GLA asks that I reaffirm my earlier denial of the fees. I initially denied the fee request because DeMarco requested that I decide the issue despite my preference to continue the matter until I could hear GLA's reasons why I should vacate the order of employment.

Obviously, DeMarco has rethought his position and now asks that I determine the Fee Application on its merits. GLA responds that DeMarco is precluded from having me reconsider the issue because he essentially stipulated to the denial. He made the statement, however, in the heat of battle and I am not going to hold him to it. I, therefore, will reconsider my denial of the Fee Application by first addressing the merits of the motion to vacate the Application.

Although I would not have approved the Application if I had known what I know today, this is not the test when reviewing my order on the motion to vacate. Rule 60(b) permits relief from an earlier order of the court for numerous reasons including (1) mistake, inadvertenance, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment.

■ Because the facts regarding postpetition representation of OHL and Dennehy were not disclosed until the hearing on the Fee Application, the motion to va-

cate the Application was made timely despite the lapse of five months.

I do not see any mistake, inadvertence, surprise or excusable neglect here. GLA knew of the hearing on the Application and did not object. GLA indicates that there was confusion on its part as to the continued hearing date and that is why it did not attend. GLA had filed, however, a nonobjection to the Application reserving its right to object to fees, a right it had without reservation. GLA had the opportunity to move for a new hearing based on excusable neglect, but it chose not to take this action. It also could have objected to the entry of the order, but again it did not take this step. Excusable neglect, therefore, is not a basis for reconsideration of my order.

With regard to fraud, misrepresentation or other misconduct, even GLA admits that the failure to make the proper disclosures under Rule 2014 was unintentional. In any event, there is no evidence before me to indicate otherwise.

This leaves the issue of newly discovered evidence and the catchall basis for vacating the order. GLA knew that MJDP had represented debtor, OHL and Dennehy in the lawsuits. It could have objected to the employment of MJDP on this basis, but it chose not to. It did not know, however, that MJDP intended to continue its representation of OHL and Dennehy while representing debtor during the bankruptcy case. It did not find this out until the hearing on the Application. This information would have been important in raising its objection to employment. I suspect if GLA had known this fact at the time, it would have objected instead of filing its nonobjection to employment. Accordingly, it is proper for GLA to bring its motion to vacate based upon newly discovered evidence.

Although GLA has satisfied the requirement of newly discovered evidence, Rule 60(b) states that relief from judgment be granted "upon such terms as are just". This requires me to consider equitable principles in the exercise of discretion under Rule 60(b). See Wright & Miller, Federal Practice and Procedure § 2857 (1973). If I

grant the motion to vacate, I am effectively making a decision to deny the employment of MJDP and the award of fees for the services already performed.

■ I am not prepared to do this. I see here mistake after mistake. If debtor and MJDP had made the proper disclosures, MJDP would not have been retained and it would not have performed substantial services without the prospect of being paid. If GLA had opposed the application on the basis of MJDP's prior representation of debtor, OHL and Dennehy (information which it knew), a full hearing would have occurred and all the facts would likely have surfaced leading to a denial of the Application. Because of these mistakes, I have a situation where MJDP has performed significant services benefitting the estate and an objection to payment of fees already earned.

Under the circumstances, some penalty is warranted, but not denial of all the fees. GLA has identified services that are not adequately described or raise questions as to the beneficiary of the services. The value of these services equals $8,345. This sum should be deducted from the fees requested. In addition, I am penalizing MJDP $5,000 for failure to comply with the disclosure requirements of Rule 2014. Accordingly, I approve for payment the fees in the amount of $36,274 and reimbursement of costs of $1,761.42.

Just so there is no mistake, let me make sure my position on this issue is clear. Although the failure to satisfy Rule 2014 was inadvertent, that failure caused me to do something that I would not have done if all the facts had been disclosed. My decision here to pay MJDP is based upon my view of the equities in this matter. I will not hesitate in the future to disallow *all* fees requested where counsel fail to comply with Rule 2014 and the facts justify such a result. Section 327 provides the court with wide latitude in approving or disapproving the employment of counsel. Compliance with Rule 2014 is necessary and critical to the orderly implementation of § 327. Unless there is full disclosure,

the court cannot make an informed decision.

I approve hundreds of applications for employment each year. I assume I am receiving full disclosure from debtors and counsel. Without this trust, the appointment process would grind to a halt. No bankruptcy judge can or should condone any erosion of this trust. For this reason, I shall vigilantly guard this process and under appropriate circumstances deny fees when there is noncompliance with Rule 2014. Based upon the above, the motion to vacate my order employing MJDP is denied; the motion to vacate my order denying fees to MJDP is approved; MJDP is awarded fees of $36,274 and costs of $1,761.42; and the employment of MJDP as special counsel to debtor is terminated effective immediately.

Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. The within memorandum opinion shall constitute my findings of fact and conclusions of law.