In re NEW ENGLAND METAL
COMPANY, Debtor.

Thomas A. CURRAN, Trustee,

v.

Alan SAMDPERIL, Nathan Samdperil
A/K/A Sonny Samdperil, Defendants.

Bankruptcy No. 8200922.
Adv. No. 850159.

United States Bankruptcy Court,
D. Rhode Island.

Oct. 10, 1986.

Thomas J. Curran, Johnston, R.I., Trustee.

Avram N. Cohen, Providence, R.I., for trustee.

Paula Bonnell, Boston, Mass., for U.S. trustee.

Louis A. Geremia, Providence, R.I., for Vereinigte Deutsche Nickel-Verke.

Bruce Gladstone, Cameron & Mittleman, Providence, R.I., for defendants.

### DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on July 31, 1986, on this Court's order directing Thomas A. Curran, Esq. and Avram N. Cohen, Esq., to show cause why they should not be removed as trustee

and counsel to the trustee, respectively, for failing and/or refusing to prosecute the above-captioned adversary proceeding.

The following brief summary of the travel and facts is included to supplement and explain the basis for our conclusions herein. On December 23, 1985, Avram Cohen, as attorney for the trustee, filed a complaint under 11 U.S.C. § 547, to avoid alleged preferential transfers to Alan Samdperil and Nathan Samdperil, officers and controlling stockholders of the debtor corporation. Both defendants answered, asserting that the transfers made to them were, inter alia, "contemporaneous exchange[s] in payment as salary for services rendered ... and in addition [were] payment[s] of a debt incurred by the debtor in the ordinary course of its business, made in the ordinary course of its business and [were] made according to ordinary business terms." *See* Answer of Defendants to Trustee's Complaint.

On April 29, 1986, defendant Alan Samdperil filed a motion for summary judgment which, curiously,[1] was unopposed by the trustee. *See* Memorandum, dated May 23, 1986. At a pre-trial conference held on June 2, the Court bluntly informed counsel for both the trustee and the defendants that, after reviewing the motion and accompanying memorandum, and even though supported by the trustee, we were not inclined to grant the relief requested by Alan Samdperil, since there were substantial questions of fact and law which rendered summary judgment inappropriate. *See* Fed.R.Civ.P. 56(c). Counsel were allowed time within which to submit a statement of facts in support of their *now joint* request for summary judgment. That statement, which was filed on June 20, added nothing of substance to either counsel's previous arguments in favor of summary judgment, but only increased the Court's concern as to why the trustee was not pressing an

objection—so on June 25, the motion for summary judgment was denied, and a hearing on the merits was scheduled for July 9, 1986. Contrary to the Court's specific direction that the trustee should pursue these preference claims fully, and to a conclusion, Mr. Cohen entered into a dismissal stipulation filed on July 3.[2] On July 7, both counsel were informed by telephone that their action was unauthorized, and that trial on the merits would begin, as scheduled, on July 9. On the same day, however, counsel filed a joint pretrial order, *again* disregarding our clearly expressed intention *and order* to proceed to trial, and, instead, stipulated that there were no issues of fact or law, that the case had been dismissed, and that "[t]here is no evidence which can be introduced to support the allegations of the complaint." Gladstone and Cohen appeared on the scheduled hearing date, but without witnesses, and unprepared to go forward. Because of Mr. Cohen's determination to capitulate, without any apparent or demonstrated cause, the Court, sua sponte, vacated the (unauthorized) dismissal stipulation, and on July 18, 1986, we entered the instant order allowing the trustee and his counsel an opportunity to show cause why they should not be removed for failing and/or refusing to prosecute the estate's claim against the Samdperils.

█ It is obvious by now that this Court does not appreciate having been required to assume the duties of the trustee, in order to prevent a plain miscarriage of justice. We have made it abundantly clear to Mr. Cohen from the start, that not only was summary judgment inappropriate, but also that the defenses raised by the Samdperils are unsupported by the pleadings and are totally without substance. Put simply, based upon what has been shown to the

---

1. The dearth of merit in defendant's motion should have spawned objections galore, even from a beginning law student.

2. A more straightforward course for Mr. Cohen would have been to file a motion, *together with reasons,* under 11 U.S.C. § 554, for leave to

abandon the Samdperil claim, with notice of hearing to all creditors, instead of entering into a private dismissal stipulation, without Court approval, without notice, and against the Court's contrary direction.

Court thus far,[3] the trustee has what appears to be a meritorious case, and neither he nor his counsel are doing it justice. Questions as to his motivation aside, Mr. Cohen has totally abdicated his duty to creditors, as well as his responsibility as an officer of this Court, and we are at a loss to understand his commitment to the defendants' point of view.

We were also dismayed by Mr. Cohen's statement, at the conclusion of the hearing relative to his removal, that he was finally willing to go forward, after hearing the comments of Louis A. Geremia, Esq., who appeared on behalf of a creditor, argued against the dismissal of the instant preference claims, and gave convincing information in support of the merits of the claims against the Samdperils. The stated reason for Cohen's late change of heart is as incredible as it is disturbing, since Mr. Geremia has been available throughout the pendency of these proceedings, and should have been one of the first people contacted by Cohen in his investigation of this case. His failure to familiarize himself with and to prosecute this claim has placed on the Court the distasteful burden of repeatedly having to intervene, sua sponte, in order to protect the otherwise totally disregarded rights of creditors.

Mr. Cohen's failure to perform satisfactorily in his capacity as counsel to the trustee is not limited to this proceeding. An examination of the file in this case reveals that of eighty-nine preference complaints filed on November 21, 1985, 62 are still open and inactive. Considering the determination exhibited by Mr. Cohen to give away the instant claim, creditors should probably be thankful that since January 1986, he has not taken any (apparent) action in a majority of the other preference actions filed. Mr. Cohen has not filed proof of service in many of these actions,

and he has not moved to default the forty-two defendants who have not filed answers. Because of his persistent, counter-productive actions (and inaction) vis-a-vis creditors, Mr. Cohen has left us with no alternative other than to withdraw the authorization for him to serve as counsel for the trustee, effective upon entry of this order. *See* 11 U.S.C. § 327.

It is unfortunate that Mr. Cohen's lack of allegiance to creditors did not surface earlier, because his conduct has resulted in considerable and unnecessary delay in the prosecution of this and many other claims.

Equally disturbing is the United States Trustee's statement that Mr. Cohen's belatedly expressed willingness to finally prosecute this matter justifies his continuing as counsel to the trustee. His removal is based on his prior misfeasance, and his incredible change of heart at the conclusion of the hearing to remove him as trustee, only supports our decision.

■ Mr. Curran, the trustee, is also at fault for his failure to personally monitor the progress of the litigation, for his failure to stay in touch with the errant Mr. Cohen, and for his misplaced reliance on his attorney's handling of this matter.[4] But because Mr. Curran was not present at any of the conferences or hearings at which the Court expressed its concern over the absence of enthusiasm by Mr. Cohen to press this litigation, and giving credence to his claim that he was not aware of our growing dissatisfaction with Mr. Cohen's performance until he received notice of the order to show cause, by the narrowest margin, we find that the circumstances do not *require* the removal of Mr. Curran as trustee, at this time. *See* 11 U.S.C. § 15324.

Mr. Geremia had entered his appearance as counsel for the trustee on February 15, 1985, but withdrew as such on December 4,

---

3. The pleadings and the arguments in support of the dismissal and/or abandonment of the trustee's claim, at least as presented to date, are pure baloney. Perhaps the hearing on the merits will reveal some of the (hidden to date) substance to which both the defendants and the trustee have been obliquely referring.

4. If Curran were a private client of Cohen's, we think he would have been much more attentive, and opposed, to the persistent efforts of his attorney to give away a valid cause of action.

1985, citing as a potential conflict of interest the fact that he represented a creditor (Vereinigte Deutsche Nickel-Verke) which purchased the debtor's assets. Prior to his withdrawal, however, and while acting as counsel to the trustee, Geremia investigated a number of alleged preferential transfers, and became privy to a lot of information relevant to the instant proceeding. His knowledge of the facts, from early on in this case, makes Mr. Geremia particularly well suited to step in and represent the interest of general creditors at this time. Therefore, and if he is willing to serve, Mr. Geremia is reappointed as attorney for the trustee, to pursue preference claims. This limited appointment for the purpose of recovering assets will not place Mr. Geremia in a conflict of interest position, either actual or apparent, vis-a-vis other general creditors. If he is successful in recovering assets against these defendants (and other potential preferential transferees referred to by Mr. Geremia, but about whom Mr. Cohen appears to be unaware or, worse, unconcerned), and in the event that his client claims more than a pro rata share of said assets, then of course Mr. Geremia would have to elect to represent either the trustee or Vereinigte Deutsche Nickel-Verke. Accordingly, within seven days, Mr. Geremia should advise the trustee and the Court whether he is willing to enter his appearance as attorney for the trustee, on the terms and conditions as explained above.