**In re MIRA–PAK, INC., Debtor.**

**Bankruptcy No. HS–79–278.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

April 15, 1987.

Barry Allan Brown, Beverly Bowen, Goldberg, Kusin & Brown, Houston, Tex., for trustee.

Jerome Tiras, Houston, Tex., trustee.

MEMORANDUM DECISION

EDWARD J. RYAN, Bankruptcy Judge.

On April 26, 1979, Mira-Pak, Inc., filed its original petition in proceedings for an arrangement under Chapter 11 of the Bankruptcy Act. By order dated April 30, 1979, the debtor was authorized to continue the operation of its business. The arrangement proceedings failed, and on March 14, 1980 the debtor was adjudicated a bankrupt. Jerome Tiras was then appointed trustee in bankruptcy. By order entered on the same day Mr. Tiras was authorized to operate the business.

On December 24, 1986 a trustee's final report and accounting was filed by Mr. Tiras. Since that time it appears that the trustee has endeavored to bring this case to a conclusion. He has been unsuccessful. He has for example failed to document the investment of the estate assets.

The estate administrator has expended an inordinate amount of time attempting to assist the trustee in bringing this matter to a conclusion. Both the undersigned and another judge of this court have spent considerable time attempting to aid the trustee in finalizing the performance of his duties as trustee imposed by, inter alia, section 47 of the Bankruptcy Act.

In the "Trustee's Third Amended Final Report And Accounting" verified the 8th day of April, 1987, Mr. Tiras has the temerity to state that: "There are matters pending or undetermined as follows: (i) the amended final fee application of Goldberg Kusin & Brown in the amount of $8,407.00; (ii) the amended final fee application of the Trustee seeking compensation of $15,-132.93 and (iii) the disposition of the Trustee's objections to claims set forth on Exhibit 'D'."

It is necessary that a competent professional undertake to take such steps as are necessary to complete the administration of this case. Accordingly, an order is being signed and filed contemporaneously herewith appointing such a trustee.

In his "Trustee's Response To Order to Show Cause" signed not by Mr. Tiras, the trustee, but rather by Barry Allan Brown, Attorney-in-Charge, Mr. Tiras "... suggests that the order to show cause should be dismissed."

In Footnote 1 Mr. Brown, for the trustee, states:

> Trustee was advised to take additional action by the case administrator Mr. Lykos by letter of March 26, 1987 addressed to Robert Rosenberg. Mr. Rosenberg unexpectedly withdrew from the law firm representing the Trustee on March 13, 1987. The estate administrator's letter was the first time that the attorney-in-charge for the Trustee or the Trustee had actual knowledge of the matters presented therein. (Copies of Mr. Lykos correspondence with Mr. Rosenberg were not sent to Mr. Tiras or the attorney-in-charge for the Trustee). From the tone of that letter, it is apparent that prior communications had occurred of which Trustee and his attorney-in-charge had no actual knowledge and his counsel apologizes for apparent lack of responsiveness by Mr. Rosenberg. Trustee had relied on Mr. Rosenberg to prepare and present any necessary filings to comply with the Court's directives. If errors occurred it was a matter of lack of oversight of Mr. Rosenberg's activities.

This appears to be a typical case in which the trustee, relying almost entirely upon his attorney, seeks to be absolved for maladministration because of that reliance.[1] Nothing was disclosed at the hearing held on April 15, 1987, which should forestall the inescapable conclusion that Mr. Tiras should not be subjected to a further burden of attempting to see to the orderly conclusion of this case.

An appropriate order is being signed contemporaneously with this decision.

---

1. Cf. *In re New England Metal Co.* 67 B.R. 53     (Bkrtcy.D.R.I.1986).