**In re DOORS AND MORE INC., Debtor.**

**Bankruptcy No. 90–20155–R.**

United States Bankruptcy Court, E.D. Michigan, S.D.

April 5, 1991.

J. Michael Hill, Allen Park, Mich., for debtor.

Stephen Spence, Detroit, Mich., for U.S. Trustee.

MEMORANDUM OPINION AND ORDER DENYING APPLICATION TO APPROVE APPOINTMENT OF ATTORNEY

STEVEN W. RHODES, Chief Judge.

I.

On November 16, 1990, attorney J. Michael Hill filed this bankruptcy case on

behalf of the debtor, Doors and More Inc.[1] On January 22, 1991, Hill filed an application for an order authorizing the debtor to retain him, accompanied by a "Biography of J. Michael Hill, P.C." On January 24, 1991, the United States Trustee filed an objection to the application, contending that the application was not signed by the debtor, and that it did not comply with 11 U.S.C. § 327(a), Bankruptcy Rule 2014(a), and Local Bankruptcy Rule 3.01 (E.D.M.), in that it was not accompanied by the necessary verified statement from the professional to be employed (Hill). Finally, the United States Trustee noted, "The various grammatical, typographical or spelling errors which appear throughout the application and attached biography obscure the meaning and possible import of same."

The objection of the United States Trustee was set for hearing on Monday, February 25, 1991. On Friday, February 22, 1991, Hill filed an Amended Application To Appoint Attorneys For Debtor In Possession again accompanied by a "Biography of J. Michael Hill, P.C."

At the hearing, the Court heard the arguments of counsel, and reviewed the bankruptcy file. The Court then sustained the United States Trustee's objections and denied the application. The Court also held that Hill was not competent to represent this debtor in this Chapter 11 proceeding.

This memorandum opinion supplements the decision given at that time.

## II.

Our bankruptcy system allows the trustee[2] or the debtor in possession to select an attorney and to request court approval of that selection. *See* 11 U.S.C. § 327(a) and Bankruptcy Rule 2014(a). As Judge Graves of this Court quoted in *In re Mar-*

*ket Response Group, Inc.,* 20 B.R. 151, 152 (Bankr.E.D.Mich.1982), from *In re Mandell,* 69 F.2d 830, 831 (2d Cir.1934), "[O]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel...." *In re Mandell* also noted, "[T]he relationship between attorney and client is highly confidential, demanding personal faith and confidence in order that they might work together harmoniously." *See also In re Heck's, Inc.,* 83 B.R. 410 (S.D.W.Va.1988).

Thus, it is not for the court to select counsel for the trustee. *In re Allard,* 23 B.R. 517 (E.D.Mich.1982).

Nevertheless, the trustee's selection of counsel is subject to some restrictions. For example, 11 U.S.C. § 327(a) allows the trustee to retain only those attorneys "that do not hold or represent an interest adverse to the estate and that are disinterested persons...."[3]

A second restriction on the trustee's discretion in choosing counsel arises because under 11 U.S.C. § 327(a), the employment of the attorney is subject to the court's approval. However, the statute is silent as to the standard to be applied in determining whether to grant or deny the approval. Nevertheless, identifying the purpose for this requirement will aid in identifying the standard to be applied.

The requirement for court approval of the trustee's attorney is unusual in the law. In most circumstances, including most litigation circumstances, a party is not required to obtain court approval for the selection of counsel. The Court concludes that this unique requirement in bankruptcy is a reflection of the unique fiduciary position of a trustee or a debtor in possession. In other contexts, a party is given complete freedom to select counsel, because only that party's interests are at stake in the

---

1. The debtor is identified on the petition as "Doors and More Inc." Later pleadings filed by debtor's counsel identify the debtor as "Doors and More, Inc.", "Doors & More, Inc.", "Doors & More Inc.", "Doors and More", and "Doors 7 More, Inc."

2. Pursuant to 11 U.S.C. § 1107, a debtor in possession in a case under Chapter 11 has many of the same rights and powers as a trustee in such

a case, including the trustee's right to retain counsel under 11 U.S.C. § 327(a). *See In re Vanderbilt Assocs., Ltd.,* 117 B.R. 678 (D.Utah 1990); *In re Gray,* 64 B.R. 505 (Bankr.E.D.Mich. 1986).

3. This restriction on the trustee's discretion in choosing counsel is narrowed somewhat by 11 U.S.C. § 327(c).

selection. Similarly, in Chapter 7, court approval of the debtor's attorney is not required, *In re Andy Gibb Organization, Inc.*, 81 B.R. 699 (Bankr.S.D.Fla.1987); *In re Trinsey*, 115 B.R. 828 (Bankr.E.D.Pa. 1990), because neither the debtor nor the debtor's attorney have any fiduciary obligation to the bankruptcy estate.

However, in context of administering a bankruptcy estate, the interests of parties other than the party selecting the attorney are also directly at stake. In a Chapter 11 case, it is fundamental that a debtor in possession or a trustee is obligated to act not in his or her own best interest, but rather in the best interest of the entire estate, including the creditors and owners of the debtor estate. *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985); *Louisiana World Exposition v. Federal Ins. Co.*, 858 F.2d 233, 245–46 (5th Cir. 1988); *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir.1986); *In re Grabill Corp.*, 113 B.R. 966 (Bankr.N.D.Ill. 1990).

Indeed, the attorney for the trustee or debtor in possession is also a fiduciary for the estate. *In re Bohack Corp.*, 607 F.2d 258, 264 (2d Cir.1979); *In re Consupak, Inc.*, 87 B.R. 529, 548–49 (Bankr.N.D.Ill. 1988); *In re Grabill Corp.*

█ Therefore, this Court agrees with the conclusion that in determining whether to grant or deny approval of the attorney selected by the trustee or debtor in possession pursuant to Section 327(a), the Court must consider whether the selection is in the best interest of the estate,[4] *In re Arlan's Department Stores, Inc.*, 615 F.2d 925, 932 (2d Cir.1979); *In re Cormier*, 35 B.R. 424 (D.Me.1983); *In re Iorizzo*, 35 B.R. 465, 468 (Bankr.E.D.N.Y.1983); *In re Auto West Inc.*, 43 B.R. 761 (D.Utah 1984); 8 *Collier on Bankruptcy*, ¶ 2014.03 at 2014–15 (15th ed. 1990), and whether the appointment will aid in the administration of the proceeding.[5] *In re Slack*, 73 B.R. 382 (Bankr.W.D.Mo.1987).

█ A third set of restrictions on the trustee's discretion in choosing counsel arises from the applicable code of professional conduct. Plainly, the Court will not approve the employment of counsel that does not comport with the applicable ethical and disciplinary regulations. *See In re Drexel Burnham Lambert Group Inc.*, 112 B.R. 584, 586 (Bankr.S.D.N.Y.1990). Indeed, the trustee's selection of counsel must be consistent with the high standards required of officers of the federal courts. *In re Codesco, Inc.*, 18 B.R. 997, 999 (Bankr.S.D.N.Y.1982).

### III.

Both the Michigan Rules of Professional Conduct and the best interest of a bankruptcy estate require that the attorney selected to represent the estate must be able to provide competent representation.[6] In a Chapter 11 case, an attorney can provide competent representation to the estate only if the attorney is thoroughly familiar with the Bankruptcy Code, the Bankruptcy

---

**4.** Extreme care must be taken to apply this test properly. The "best interest of the creditors" test does *not* give the Court license to require the trustee or debtor in possession to choose the attorney that the Court believes is "best" for the case. Rather, the test provides the necessary assurance that the selection will fully reflect the interests of *all* of the parties in the case.

**5.** In addition, Bankruptcy Rule 2014(a) sets forth the pleading requirements of an application for approval, including "the specific facts showing the necessity for the employment, ... the reasons for the selection, [and] the professional services to be rendered...." This suggests that the Court should also consider these matters.

**6.** Indeed, the first rule (Rule 1.1) of the Michigan Rules of Professional Conduct sets forth the attorney's responsibility to provide competent representation:

A lawyer shall provide competent representation to a client. A lawyer shall not:

(a) handle a legal matter which the lawyer knows or should know that the lawyer is not competent to handle, without associating with a lawyer who is competent to handle it;

(b) handle a legal matter without preparation adequate in the circumstances; or

(c) neglect a legal matter entrusted to the lawyer.

Rules, and the Local Rules.[7] Bankruptcy, and especially Chapter 11 bankruptcy, is a highly specialized area of law. An attorney for a debtor in possession must have expert knowledge of bankruptcy law in order to achieve a successful result. Experience indicates that a business that files a Chapter 11 case, by definition, is already in trouble. Although competent counsel can by no means insure a successful reorganization, incompetent counsel will almost certainly insure failure. Only an attorney with expert knowledge of bankruptcy law can properly aid in the administration of the case.

## IV.

■ J. Michael Hill has demonstrated that he cannot provide competent representation of the estate in this case, that it would not be in the best interest of the estate to approve his appointment, and that his employment would not aid in the administration of the case.

### A.

Of greatest concern is Hill's almost total failure to deal with the debtor's landlord in this case. The only mention of the debtor's landlord in the statements filed with the petition is found in response to Question 17 in the Statement of Financial Affairs of Debtor Engaged in Business Chapter 11:

"[Question:] If you are a tenant of business property, what is the name and address of your landlord, the amount of your rental, the date to which rent had been paid at the time of the filing of the original petition herein, and the amount of security held by the landlord?"

"[Answer:] Jim Jamiski, 8260 Telegraph, Dearborn Hts., Michigan. Rental $1,250.00 and Security deposit of $3,600.00."

Significantly, Hill did not identify the lease in the statement of executory contracts required by Bankruptcy Rule 1007(b)(1), although that would also have been an appropriate place to do so.

Also, because Hill did not list the landlord on the mailing matrix, the Court did not send to him notice of the bankruptcy filing, which includes notice of the meeting of creditors and notice of the last day to file claims.[8]

These problems will create difficulties for all of the interested parties in this case. No doubt there will be substantial prejudice to the landlord, as he was deprived of the opportunity to attend the meeting of creditors, to file a timely claim, and, perhaps, to enforce his rights under 11 U.S.C. § 365. But Hill's failure to deal with the landlord may well result in disaster for the debtor, its owners, and its other creditors. That is so because Hill did not file a motion to assume the lease within 60 days of filing the petition, as required by 11 U.S.C. § 365(d)(4). Thus, the lease is deemed rejected, and the debtor is *presently* obligated to surrender the premises. *Id.* Certainly no attorney for a Chapter 11 debtor in possession should ever put the estate into such a position. In any event, it is clear that Hill's representation thus far has been anything but an aid in the administration of this case.[9]

---

**7.** See, for example, *In re Chamberlin Corp.*, 53 B.R. 764, 767 (Bankr.M.D.Fla.1985), wherein the Court denied the application for approval of employment in part because the attorney was not familiar with bankruptcy practice and procedure.

**8.** The Court notes that the last day to file claims was March 11, 1991, which has since passed.

**9.** Unfortunately, this is not the first time that Hill failed to act as required by 11 U.S.C. § 365(d)(4). The earlier case was *Jerry's Jefferson Eatery*, Case No. 87–06087, filed on October 8, 1987. On December 8, 1987, the debtor's landlord filed a motion for an order requiring the debtor to vacate the leased premises, be-

cause the debtor had not assumed the lease within 60 days. The Court rejected Hill's frivolous argument that § 365(d) contains no such requirement, and granted the landlord's motion. Jerry's Jefferson Eatery was later converted to Chapter 7.

Although it is certainly debatable whether Jerry's Jefferson Eatery could have survived Chapter 11 even with a fully knowledgeable attorney, it is certainly not debatable that it had no chance to survive with an attorney who was unaware of 11 U.S.C. § 365(d)(4).

After granting the landlord's motion, the Court requested that Hill familiarize himself with the Bankruptcy Code before filing his next Chapter 11 case.

## B.

Of additional concern in determining whether to approve Hill as counsel for the debtor in possession has been Hill's prosecution of the application to approve his appointment. First, the Court notes that it was filed more than two months after the petition. It is arguable that this was actually beneficial to the estate because it means that the estate would not have had to compensate Hill for the services performed during that lengthy time period. *See In re Diamond Mortgage Corporation*, 77 B.R. 597, 600 (Bankr.E.D.Mich. 1987). On the other hand, it is equally arguable that the Court should not approve the appointment of an attorney to protect the estate when that attorney cannot even act to protect his own fee. In any event, the delay in filing the application suggests a lack of familiarity and competency in basic bankruptcy procedure.

Beyond that, the Court notes, as did the United States Trustee, that the application was not signed by the debtor, did not state the reasons for Hill's selection, and did not indicate whether Hill has any present connection with any of the creditors, all as required by Bankruptcy Rule 2014(a). *See also* Local Bankruptcy Rule 3.01(a). Although the amended application cured the signature defect, the other problems were not cured. Again the Court must conclude that Hill's inability to perform so simple a service as filing a proper application for an order approving his employment suggests a lack of competency in basic bankruptcy procedure.

## V.

For these reasons, the Court concludes that it would not be in the best interest of this estate to approve Hill as the debtor's

It is entirely proper to consider counsel's performance in previous cases in determining whether his appointment in the present case would be in the best interest of the estate and

attorney, and that therefore the motion to approve his appointment should be denied.

IT IS SO ORDERED.

aid in the administration of the case. *See, e.g. In re Slack*, above; *In re New England Metal Co.*, 67 B.R. 53 (Bankr.D.R.I.1986); *In re Ferguson*, 64 B.R. 553, 556 (Bankr.W.D.Mo.1988).