**In re Vergil VETTORI, Debtor.**

**Bankruptcy No. 97 B 28293.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Feb. 3, 1998.

Steve Wolfe, Assistant U.S. Trustee, Chicago, IL, for Movant.

Kevin M. Brill and Patricia K. Rummer, Chicago, IL, for Respondent.

## MEMORANDUM OPINION

JACK B. SCHMETTERER, Bankruptcy Judge.

This proceeding relates to the bankruptcy case originally filed by Debtor Vergil Vettori ("Debtor") on September 16, 1997, under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.* No Chapter 11 Trustee has been appointed and Debtor has remained debtor in possession. This matter is before the court on Debtor's motion to employ Kevin M. Brill ("Brill" or "counsel") and Patricia Rummer of the firm of Kevin M. Brill & Associates as attorneys for the debtor in

possession. The United States trustee ("U.S. Trustee") for the Northern District of Illinois filed an objection to Debtor's motion pursuant to 28 U.S.C. § 586(a)(3)(H) and 11 U.S.C. § 307 based upon Mr. Brill's performance in two unrelated cases before another judge in this District. Since Mr. Brill is senior attorney in the firm, those objections technically applied to Ms. Rummer, though the U.S. Trustee has in no way criticized her prior work.

## Jurisdiction

Subject matter jurisdiction lies under 28 U.S.C. § 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. Venue lies properly under 28 U.S.C. § 1409. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## Discussion

■ Brill seeks appointment under section 327 which provides:

Except as otherwise provided in this section, the [debtor in possession[1] or] trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a). As stated, the U.S. Trustee's objection to Brill's appointment was filed pursuant to 28 U.S.C. § 586(a)(3)(H) and 11 U.S.C. § 307. Section 586(a)(3)(H) provides that the U.S. Trustee shall:

supervise the administration of cases and trustees in cases under chapter 7, 11, 12, or 13 of title 11 by, whenever the United States trustee considers it to be appropriate ... monitoring applications filed under section 327 of title 11 and, whenever the United States trustee deems it to be appropriate, filing with the court comments

1. Under 11 U.S.C. § 1107(a) the debtor in possession has all of the rights, duties, and obligations of a trustee. Thus, § 327 is applicable to

with respect to the approval of such applications;

28 U.S.C. § 586(a)(3)(H). Section 307 gives the U.S. Trustee the authority to "raise and may appear and be heard on any issue in any case or proceeding under this title . . . ." Fed.R.Bank.P. 2014, which implements Code section 327, provides that any application for approval of attorneys pursuant to § 327 must be transmitted to the U.S. Trustee. "The United States trustee monitors applications filed under section 327 of the Code and may file with the court comments with respect to the approval of such applications." 1991 Advisory Committee Notes to Rule 2014. Thus, it is wholly appropriate for the U.S. Trustee to voice his concerns and state his objections to Brill's appointment.

■ Brill may not be appointed counsel for the debtor in possession without court approval. As stated, § 327(a) provides that an attorney may not be employed except with prior court approval. 3 *Collier on Bankruptcy*, ¶ 327.03 (15th ed. rev.1996). Moreover, § 328(a) allows the court to authorize the employment of an attorney "on any reasonable terms and conditions of employment . . . ." 11 U.S.C. § 328(a). Bankruptcy Judges have broad discretion over the appointment of such professionals. *In re Seeburg Products Corp.*, 215 B.R. 175, 177–78 (Bankr.N.D.Ill.1997). Indeed, court approval is required before the estate may employ an attorney or other professional. 11 U.S.C. § 327(a). The ultimate determination as to whether appointment of an attorney should be approved falls within the sound discretion of the court. *In re Glosser Bros., Inc.*, 102 B.R. 38, 39 (Bankr.W.D.Pa.1989).

■ Moreover, courts have the inherent authority to regulate attorneys who appear before it. "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27, *reh'g denied*, 501 U.S.

the employment of professional persons by a debtor in possession.

1269, 112 S.Ct. 12, 115 L.Ed.2d 1097 (1991) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631, 82 S.Ct. 1386, 1388–1389, 8 L.Ed.2d 734 (1962)). Specifically, federal courts have the power to "control admission to its bar and to discipline attorneys who appear before it." *Id.* (citing *Ex parte Burr*, 9 Wheat. 529, 531, 6 L.Ed. 152 (1824)).

As stated, the U.S. Trustee objects to Mr. Brill's appointment alleging that he lacks proficiency necessary to represent this Chapter 11 Debtor.

■■■■ While § 327 of the Bankruptcy Code provides for employment of professionals to represent the trustee or debtor in possession, it details only two standards for employment: (1) the applicant must be disinterested, and (2) the applicant may not hold or represent an interest adverse to the estate. In addition, a professional should only be appointed where the appointment will aid in the administration of the proceeding. *Matter of Slack*, 73 B.R. 382 (Bankr.W.D.Mo. 1987). Further, the appointment must be in the best interest of the estate. *In re Doors and More Inc.*, 126 B.R. 43, 45 (Bankr. E.D.Mich.1991).

> [I]n context of administering a bankruptcy estate, the interests of parties other than the party selecting the attorney are also directly at stake. In a Chapter 11 case, it is fundamental that a debtor in possession or a trustee is obligated to act not in his or her own best interest, but rather in the best interest of the entire estate, including the creditors and owners of the debtor estate.

*Doors and More*, 126 B.R. at 45 (collecting cases).

■■■■ However, an attorney hoping to represent a Chapter 11 debtor must have more than just integrity; that counsel must also have a strong knowledge of technical requirements under the Bankruptcy Code.

> "In a Chapter 11 case, an attorney can provide competent representation to the estate only if the attorney is thoroughly familiar with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Bankruptcy, and especially Chapter 11 bankruptcy, is a highly specialized area of law. An attorney for a debtor in possession must have expert knowledge of bankruptcy law in order to achieve a successful result. Experience indicates that a business that files a Chapter 11 case, by definition, is already in trouble ... Only an attorney with expert knowledge of bankruptcy law can properly aid in the administration of the case."

*Doors and More*, 126 B.R. at 45.

■■■■ One of the most efficient methods for determining whether an attorney has competence to be appointed Chapter 11 counsel is to look at the attorney's performance in previous cases. "It is entirely proper to consider counsel's performance in previous cases in determining whether his appointment in the present case would be in the best interest of the estate and aid in the administration of the case." *See*, *Slack*, 73 B.R. 382; *Doors & More*, 126 B.R. 43, 46 n. 9. In *Slack*, appointment of an attorney was denied where the attorney failed to appear at hearings and other appointments and where attorney's behavior, including delinquent filings, caused harm to the estate.

■■■■ The U.S. Trustee argues that Mr. Brill's performance in two matters before Judge Barliant in this District in *Julian Service Indus.* and *Seeburg Products* reflect his misstatement of facts and lack of knowledge as to the specialized rules and Code provisions in Chapter 11 bankruptcy reorganizations. Brill was found to have demonstrated a lack of basic knowledge in Chapter 11 matters when he failed to understand that a proof of claim is deemed filed where the claim is scheduled and not listed as disputed, contingent, or non-liquidated. July 8, 1997, Tr. at 11. Moreover, Brill argued therein that he had previously filed a ballot report in the case although neither the docket nor the relevant transcript indicated that a ballot report had ever been filed. He actually failed to file a ballot report until September 23, 1997, more than 180 days after confirmation. The ballot report indicated that the Chapter 11 never should have been confirmed. Judge Barliant stated, "[a]s far as I can determine from the record before me, confirmation of this plan was obtained on the basis of a misrepresentation of the most ma-

terial fact of all with respect to confirmation." September 23, 1997, Tr. at 6. Judge Barliant then vacated the order of confirmation. Moreover, on October 7, 1997, Judge Barliant noted that the ballot report filed appeared to have been created subsequent to the confirmation hearing (October 7, 1997, Tr. at 13), thus belying Brill's allegations that he handed a ballot to the judge at the confirmation hearing. The debtor in *Julian Service* has since employed new counsel.

In addition, Mr. Brill's behavior in *Seeburg Products* caused considerable harm to his client and resulted in sanctions and the appointment of a trustee. It seems from the transcripts before Judge Barliant and the written opinion in *Seeburg* that Mr. Brill's performance was questionable therein. Judge Barliant found that Brill failed to "ensure compliance with the fiduciary obligations and other duties imposed upon a debtor-in-possession, including failure to obtain approval for post-petition financing and the use of cash collateral," made inaccurate statements in schedules and pleadings, repeatedly disregarded scheduling orders which resulted in sanctions being entered against his client, and committed "unwarranted obstruction of discovery and failure to timely disclose information that should have been disclosed in discovery." *Seeburg Products,* 215 B.R. at 176. Judge Barliant stated, "[t]he very fact that I felt compelled to sanction your client because of your conduct puts into doubt your qualifications to represent the debtor in this matter." October 1, 1997, Tr. at 18. Based on this alone, it is entirely appropriate to question Brill's appointment in this case.

Moreover, in matters before this bench, Brill has shown himself to be careless in keeping schedules. For example, he failed to meet the scheduling deadline regarding his reply to the U.S. Trustee's objection to his appointment. As a result, Brill was not permitted to file a response. Instead he was permitted to respond to the U.S. Trustee's objection orally at the December 18, 1997, hearing.[2]

Although there are sufficient reasons to warrant denial of Brill's appointment, they can be viewed as lessons to be learned and conduct to be corrected rather than grounds for permanent prohibition from the Chapter 11 practice. Therefore, Brill's application for appointment as Chapter 11 counsel will be conditionally approved at this time. The condition is that Brill associate with another attorney to act as Brill's co-counsel in matters concerning Debtor. Brill has shown that he has difficulty with some intricacies of the law and also with maintaining records, keeping schedules, and meeting deadlines. He has shown a certain carelessness and lack of discipline that cannot go unremedied. If he views the conditional approval in a positive light, he can learn from the experience. Association with an additional attorney as a mentor hopefully will rectify this matter and better focus his attention.

. Though the Order contemplates some duplication of work, there will be no duplication of fees for the same work, and Mr. Brill's fee application will specify writeoff of the time for which his associated counsel must be paid.

### CONCLUSION

For reasons set forth above and pursuant to order to be entered, Kevin Brill and other attorneys of his firm will be conditionally appointed Chapter 11 counsel for the Debtor Vergil Vettori. Such appointment is conditioned upon their associating with another attorney from outside their firm to assist them in Vergil Vettori matters. Should Brill fail to comply with this condition of his employment, the order appointing him counsel will be vacated.

2. Despite several deadlines for filing a response to the U.S. Trustee's objection, Brill failed to file a response. He was given leave to state his opposition to the objection orally in court on December 18, 1997.