In re Christos VOUZIANAS and Nota Vouzianas, Debtors.

No. CV 00–147.

United States District Court, E.D. New York.

July 15, 2000.

Pryor & Mandelup, L.L.P. (Anthony F. Giuliano, of counsel), Westbury, NY, for Robert L. Pryor, Chapter 7 Trustee.

Ready & Pontisakos, L.L.P. (Brian S. Brandman, of counsel), Mineola, NY, pro se appellee.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This is an appeal from an Order dated December 3, 1999 of United States Bankruptcy Judge Dorothy T. Eisenberg, which, at the conclusion of a hearing: (1) reversed a prior order permitting the Trustee to appoint Special Counsel to represent the bankruptcy estate in pursuing the Debtor's pre-bankruptcy personal injury action; (2) ordered the Trustee to retain Ready & Pontisakos, LLP to represent the Trustee as special counsel in the Debtor's pre-bankruptcy personal injury action; (3) denied the cross-motion of the Trustee seeking an order requiring the turnover of all the Debtor's files in the possession and control of Ready & Pontisakos, LLP; and (4) ordered that no compensation or reimbursement of expenses be made to special counsel without proper application to the Court pursuant to 11 U.S.C. § 330.

## I. BACKGROUND

Unless otherwise stated, the following facts are not in dispute. In 1994, prior to filing a Chapter 7 petition, Christos Vouzianas (the "debtor") was injured at a work site and retained the law firm of Ready & Pontisakos, LLP ("R & P"), to file a personal injury action on his behalf. Since 1994, R & P represented the Debtor in the personal injury action and had incurred approximately $5,000 in related costs in pursuing this action.

On April 2, 1999, the Debtor filed a bankruptcy petition in the United States Bankruptcy Court, Eastern District, New York, pursuant to Chapter 7 of the United States Bankruptcy Code. On April 6, 1999, Robert L. Pryor, Esq. (the "Trustee"), was appointed interim trustee by the bankruptcy court. On May 17, 1999, Pryor was appointed permanent Trustee of the Debtor's bankruptcy estate.

On June 16, 1999, the Trustee made an application to retain the law firm of Marcus & Katz ("M & K"), as special counsel to the Trustee to pursue the personal injury action of Christos Vouzianas on behalf of the bankruptcy estate. On June 29, 1999 the Bankruptcy Court approved the appointment of M & K as special counsel to the Trustee.

On an unspecified date, Lawrence Katz, Esq., a lawyer with the M & K firm contacted R & P, giving notice that M & K had been retained as attorneys for the Estate. Katz also requested that all documents in connection with the Debtor's personal injury action be immediately turned over. Despite this request, R & P did not turn over the requested documents and on September 13, 1999 and September 21,

1999 the Trustee, in writing, similarly requested R & P to turnover the contents of the personal injury file. The documents were never turned over.

On September 29, 1999, R & P filed a motion seeking an order reversing the decision of the Trustee and directing that R & P remain as counsel to the Debtor/Plaintiff in the personal injury action. Alternatively, R & P requested a hearing to determine whether the Trustee's decision to replace them was in the best interest of the Creditors and the Debtor. Finally, R & P requested that if the Court replaced them as counsel in the personal injury action, that M & K be ordered to reimburse them for the $5,000 in costs prior to turning over the file.

On October 20, 1999, the Trustee opposed the R & P motion and cross-moved for an order directing R & P to turnover the Debtor's personal injury file pursuant to Section 542(e) of the United States Bankruptcy Code. On November 2, 1999 a hearing was held before Judge Eisenberg on the R & P motion and the Trustee's cross-motion.

On December 3, 1999, Judge Eisenberg reversed her June 9, 1999 order and granted the R & P motion and denied the Trustee's cross-motion. On December 13, 1999 the Trustee filed a Notice of Appeal pursuant to 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure 8001. The Appellant designated the following issues for appeal:

1. Did the Bankruptcy Court err in denying the Trustee his choice of special counsel pursuant to 11 U.S.C. § 327(a) by vacating its prior order, dated June 29, 1999, approving the retention of M & K as the Trustee's special counsel?

2. Did the Bankruptcy Court err in appointing R & P as special counsel to represent the Trustee over the Trustee's objection?

3. Did the Bankruptcy Court err in denying the Trustee's cross-motion seeking the turnover of the Debtors'

personal injury file maintained by R & P pursuant to 11 U.S.C. § 542(e)

## II. DISCUSSION

### A. *Standard of Review*

■ A district court hearing an appeal from a Bankruptcy Court reviews the Bankruptcy Court's findings of fact under the "clearly erroneous" standard, *see* Fed.R.Bankr.P. 8013, while its conclusions of law are reviewed under the *de novo* standard. *See In re AroChem Corp.*, 176 F.3d 610, 620 (2d Cir.1999) (holding that "we review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law de novo.") (citation omitted); *In re Bennett Funding Group, Inc.*, 146 F.3d 136, 137 (2d Cir.1998) (same) (citations omitted); *See also In re Porges*, 44 F.3d 159, 162 (2d Cir.1995) (same) (citations omitted).

It is within this framework that this Court addresses the present bankruptcy appeal.

### B. *Judge Eisenberg's 12/3/99 Order Vacating the Retention Order of 6/29/99 Approving M & K as Special Counsel*

### 1. **The Applicability of 11 U.S.C. § 327(a)**

■ The Appellant contends that Judge Eisenberg erred when she vacated her June 29, 1999 order and reinstated R & P as special counsel to the Debtor's personal injury claim. The Appellant contends that 11 U.S.C. § 327(a) mandates a finding that M & K be reappointed as special counsel for the Debtors. Section 327(a) states, in pertinent part:

Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys ... that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to repre-

sent or assist the trustee in carrying out the trustee's duties under this title.

The Appellant claims that as Trustee, he is authorized to employ counsel of his choice for the benefit of the bankruptcy estate. In the Court's view, while Section 327(a) vests in the Trustee the right to appoint special counsel, the application of Section 327(a) is a limited power and is inappropriate in the present matter.

Section 327(a) states that the Trustee has the right to choose counsel in order "to assist the trustee in carrying out the trustee's duties under this title." The Bankruptcy Code further states that the purpose of Section 327(a), "is to protect the bankruptcy estate and its creditors from unwarranted and gratuitous claims." 11 U.S.C. § 327 note (1990) (Purpose of Rules Relating to Retention of Professionals). In addition, the duty of a trustee is articulated as "expeditiously liquida[ting the] estate and avoid[ing] all unreasonable expenses either in preservation or distribution." 11 U.S.C. § 327 note (1990) (Duty and Function of Trustee).

Section 327(a) does not authorize the Trustee to appoint counsel of his choice with regard to a Debtor's pre-bankruptcy personal injury cause of action. The Court agrees with Judge Eisenberg's conclusion that it is in the best interest of the Estate to allow the Debtor to have his choice of counsel. In addition, the Court notes that interfering with a five year apparently amicable attorney-client relationship, could be detrimental to successfully culminating the personal injury action.

The Trustee also claims that Judge Eisenberg erred when she failed to apply the two-prong test set forth in Section 327(a). The Court disagrees. As stated above, Section 327 does not apply to the appointment of counsel to a pre-bankruptcy personal injury action, and therefore, the two-prong test is also inapplicable.

## 2. Deprivation of the Trustee's Right To Choice of Counsel

█ The Trustee also claims that the Bankruptcy Court's decision to decline to permit him to appoint M & K as special counsel, would inhibit his ability to properly oversee the personal injury claim. This Court will not interfere with a decision made by Judge Eisenberg, in the exercise of her discretion, that it is in the best interests of the Estate for the Debtor to maintain his current relationship with R & P as counsel in the pre-bankruptcy personal injury action. This is especially so, in view of the fact that Judge Eisenberg held a hearing in which she found insufficient evidence warranting the appointment of new counsel to prosecute the Debtor's personal injury action.

█ In addition, the Court notes that the interests of the Estate are further safeguarded given the power of the trustee and the Bankruptcy Court with regard to approving any settlement with regard to the Debtor's personal injury action. Pursuant to Bankruptcy Rule 9019(a), "[o]n motion by the trustee and after a hearing . . . the court may approve a compromise or settlement." Ultimately, the Bankruptcy Court has an obligation to determine whether a settlement is in the best interest of an estate. *See In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285 (2d Cir.1992). This function of the Bankruptcy Court provides a safeguard that will further ensure that the Debtor's choice of counsel will be in the best interests of the estate.

## C. *The Appointment of R & P as Special Counsel*

The Trustee also contends that Judge Eisenberg erred when she "appointed" R & P to prosecute the Debtor's pre-petition personal injury claim. Again, the Court disagrees. While the Bankruptcy Court did reinstate R & P as special counsel, this firm was not "appointed" as new counsel pursuant to Section 327. Stated Simply, Judge Eisenberg did not appoint R & P as counsel. Judge Eisenberg permitted counsel of the Debtor's choice, who had

**482**

been previously handling this case, to continue to prosecute the Debtor's pre-petition personal injury claim.

### D. *The Trustee's Cross–Motion*

In light of this decision finding that R & P should remain as counsel to the Debtor, the Trustee's contention that the Bankruptcy Court erred in denying his cross-motion seeking the turnover of the Debtor's personal injury file, is denied as moot.

### III. CONCLUSION

Having reviewed the parties' submissions it is hereby

**ORDERED,** that the December 3, 1999 Order of United States Bankruptcy Judge Dorothy T. Eisenberg is **AFFIRMED** in its entirety and the appeal is hereby **DISMISSED;** and it is further

**ORDERED,** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**