SACK, Circuit Judge,
dissenting:
I have no quarrel with the majority’s description of the facts underlying this appeal. To summarize: Christos Vouzianas was seriously injured in an accident. He and his wife Nota retained the law firm of Ready & Pontisakos (“R & P”) to prosecute a personal injury action seeking compensation for that injury. Eventually, at least partly as a result of the accident, Mr. and Mrs. Vouzianas filed for relief under Chapter 7 of the Bankruptcy Code. The principal asset of the estate in bankruptcy was the Vouzianas’s personal injury action.
The Vouzianas bankruptcy estate’s trustee applied to the bankruptcy court for approval to hire a second law firm instead of R & P to represent the estate in the continuing lawsuit. The bankruptcy court approved the application. But later, upon the motion of R & P supported by Mr. Vouzianas, the bankruptcy court reversed itself and entered an order stating that “original counsel [R & ■ P] is retained as special counsel to the Trustee in the Debtors’-Plaintiffs’ [the Vouzianas’s] personal injury action.”
I agree with the majority, the district court and the bankruptcy court that using R & P to continue the lawsuit may well have been a good idea in light of that firm’s familiarity with the case, the Vouzia-nas’s confidence in it, and the possibility that the Vouzianas’s might themselves personally receive some part of any recovery. But I do not understand, and none of the four other judges to have considered this case have satisfactorily explained, from where flows the authority of the bankruptcy court to appoint an attorney for the trustee against the trustee’s will. I therefore respectfully dissent.
Section 327(a) of the Bankruptcy Code, 11 U.S.C. § 327(a),* permits “the trustee, *111 with the court’s approval,” to appoint its own counsel. And the Bankruptcy Rules provide: “An order approving the employment of attorneys ... pursuant to § 327 ... of the Code shall be made only on application of the trustee.... ” Fed. R. Bankr.P.2014(a) (emphasis supplied). These provisions are not authority for imposing an unwanted attorney on a trustee. To the contrary, they make clear that only the trustee may appoint trustee’s counsel and that the court’s power is limited to approving or rejecting the trustee’s choice.
The majority gives us, and I can find, no cause to doubt that these provisions mean what they say. As a leading bankruptcy-law treatise observes, “[ejven when the court is justified in declining to approve a proposed employment, the court should not make the selection of an alternate but should allow the trustee to nominate another attorney satisfactory both to the trustee and to the court.” 3 Collier on Bankruptcy ¶ 327.04[l][a], at 327-26— 327-27 (Lawrence P. King ed., 16th ed.2000). The “best interests of the estate” test, which the bankruptcy court employs in reviewing the trustee’s choice of counsel, see In re Arlan’s Department Stores, Inc., 615 F.2d 925, 931-32 (2d Cir.1979), “does not give the Court license to require the trustee ... to choose the attorney that the Court believes is ‘best’ for the case. Rather, the test provides the necessary assurance that the selection will reflect the interests of all of the parties in the case.” In re Doors and More, Inc., 126 B.R. 43, 45 n. 4 (Bankr.E.D.Mich.1991) (emphasis in original); see also In re Washington Mfg. Co., 101 B.R. 944, 949 (Bankr.M.D.Tenn.1989) (“[Tjhis Court ... [was not] in a position, nor should [it] be, to make such a choice [of local counsel]”); In re Allard, 23 B.R. 517, 517, 518 (E.D.Mich.1982) (reversing an order of a bankruptcy court directing the trustee to retain counsel selected by the court, and stating that “allowing a bankruptcy judge to appoint counsel for a trustee is contrary to one of the primary goals of the 1978 Bankruptcy Act”).
The bankruptcy court did not, so far as I can tell from the record, explain what it thought to be the origin of its power to replace the trustee’s choice of counsel with its own. The district court avoided the issue. It held instead that the bankruptcy court did not technically “appoint” the first firm to represent the trustee, but rather-permitted the firm to continue to prosecute the debtor’s personal injury action. See In re Christos Vouzianas, 250 B.R. 478, 481-82 (E.D.N.Y.2000). The district court also held that § 327(a) “does not apply to the appointment of counsel to a pre-bankruptcy personal injury action.” Id. at 481. Again, no authority is cited for either proposition.
As noted, the majority of this Court, departing from the district court’s analysis, treats § 327(a) as governing the appointment of counsel by the bankruptcy court, see ante at 108, but offers no rationale for disregarding the language of that provision and the corresponding Bankruptcy Rule indicating that the appointment power belongs exclusively to the trustee. Instead, in concluding that the bankruptcy *112 court had the authority to impose its own choice of counsel on the trustee, the Court cites only In re Mandell, 69 F.2d 830 (2d Cir.1934). See ante at 108. I am confident that Mandell does not stand for that proposition under current bankruptcy law.
Under the regime in place at the time Mandell was decided, it was permissible for a court to supplant the trustee’s choice of counsel. At that time, “[t]he [governing] local rule provide[d], among other things, ‘The Court shall not be bound by the wishes of the receiver or trustee as to the attorney, accountant, or investigator to be employed, but where in its judgment it is for the best interest of the estate the Court may deny the request or authorize the employment of some one designated by it.’ ” Id. at 831 (quoting Local Bankruptcy Rules of the Eastern District of New York, Rule 5). The district court in Mandell had, against the trustee’s wishes, named an attorney to act as trustee’s counsel. On appeal, this Court noted that the district court could, under the rules then obtaining, appoint counsel of its choosing in unusual circumstances, but that such circumstances were not present in that case.
[I]n general we regard it as inimical to good administration to fasten an attorney on the trustee against his will. The relationship between attorney and client is highly confidential, demanding personal faith and confidence in order that they may work together harmoniously.

Id.

The Mandell Court, in discussing the then-prevailing rule allowing the court to “select the attorney over the trustee’s objection,” observed: “Only in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel, and reasons which make it for the best interest of the estate to have the court select the attorney over the trustee’s objection should appear in the record.” Id. The statement, “Only in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel,” remains good law insofar as courts are counseled to use restraint in wielding their power under § 327 to veto a trustee’s selection of counsel. But because the local rule permitting the court to select its own candidate has long since been superseded, the Court’s holding that a bankruptcy court can appoint trustee’s counsel against the will of the trustee is no longer controlling. The current edition of Collier reflects the present status of Mandell, quoting it only for the proposition upon which there is no disagreement among us:
“Only in the rarest cases” will the trustee be deprived of the privilege of selecting qualified counsel since “the relationship between attorney and client is highly confidential demanding personal faith and confidence in order that they may work .together harmoniously. Thus, failure to approve the trustee’s selection in the absence of good reason has been called an abuse of discretion.”
Collier, ¶ 327.04[1], at 327-26 (emphasis added and footnotes omitted). None of this explains the authority by which the bankruptcy court in the case at bar appointed counsel to represent the trustee against his wishes.
Perhaps, under truly extraordinary circumstances, a bankruptcy court might be called upon to use its broad equitable powers under the Bankruptcy Code, see 11 U.S.C. § 105, to force a shotgun wedding between a bankruptcy trustee and lawyers selected by the court to represent the trustee. But neither the bankruptcy court nor my colleagues, see ante at 105, have demonstrated that the facts of this case are indeed unique or present a situation so extraordinary as to warrant the bankruptcy court’s overriding of specific provisions *113 of the Bankruptcy Code and Rules under •which a trustee is supposed to go about retaining counsel.
I would therefore vacate the order of the district court and remand the case for further proceedings with respect to the trustee’s choice of counsel.

 Section 327(a) provides:
Except as otherwise provided in this section, the trustee, with the court’s approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee’s duties under this title Section 327(e) provides:
The trustee, with the court’s approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.
*111 I think § 327(e) rather than § 327(a) probably governs here. When the bankruptcy judge retained R & P through the order contested on this appeal, it replaced the second firm, which had been retained by the trustee with the approval, however temporary, of the bankruptcy court. R & P was therefore "an attorney" who "ha[dj represented the debtor” that was being retained for "a specified special purpose.”
My primary disagreement with the Court, though, is not about the proper section under which R & P should have been appointed to represent the trustee, but whether the bankruptcy court had the power to do so against the will of the trustee under either section.