In re Frankie SHELTON, Debtor.

Jerry A. Burns, Trustee, Plaintiff,

v.

Frankie Dewayne Shelton and Virgil Frank Shelton Peoples Bank and Trust Co. Firstar Bank, N.A. Commonwealth of Kentucky, Defendants.

Bankruptcy No. 99–11452(1)(7).
Adversary No. 01–1003.

United States Bankruptcy Court,
W.D. Kentucky.

Oct. 20, 2005.

Jerry A. Burns, Bowling Green, KY, pro se.

Joseph J. Golden, Office of the U.S. Trustee, Louisville, KY, U.S. Trustee.

T. Richard Alexander, II, Glasgow, KY, Mark H. Flener, Bowling Green, KY, Merritt S. Deitz, Jr., Henderson, KY, for defendants.

## MEMORANDUM–OPINION

JOAN L. COOPER, Bankruptcy Judge.

This matter was remanded to this Court by the United States District Court on instruction from the United States Court of Appeals for the Sixth Circuit so the parties could "(1) present evidence on the question whether the subject transactions resulted in a diminution of the bankruptcy estate; (2) to make findings of fact on this issue; and (3) to reconsider the applicability of the earmarking doctrine." The Court considered the Stipulation and Agreed Order of the parties and the Memorandum Brief on Behalf of Peoples Bank and Trust Company ("Peoples Bank"), the Memorandum of Defendant Virgil Frank Shelton ("Virgil Shelton") Concerning the Applicability of the Earmarking Doctrine and the Memorandum of Trustee Jerry A. Burns ("Trustee") Concerning the Applicability of the Earmarking Doctrine. For the following reasons, the Court declines to apply the earmarking doctrine to the subject transaction.

### LEGAL ANALYSIS

Subsequent to remand, Peoples Bank and the Trustee filed a Stipulation and Agreed Order by which they stipulated "that the transfer of property which is the subject of this litigation did not result in a diminution of the bankruptcy estate." The Stipulation leaves this Court to reconsider the applicability of the earmarking doctrine to the instant transaction.

The Sixth Circuit affirmed this Court's ruling that Peoples Bank was not entitled to the defenses under 11 U.S.C. § 550 since the Trustee did not request recovery of any property from the Bank under 11 U.S.C. § 550. Here, the Trustee sought avoidance of the transfer of property between the Debtor and his father pursuant to 11 U.S.C. § 549(a). This Court previ-

ously determined that the "earmarking doctrine" did not apply to the § 549(a) transfer.

The Sixth Circuit stated in its Opinion, "The earmarking doctrine is an equitable doctrine by which the use of borrowed funds to discharge a debt is deemed not to be a transfer of property of the debtor, and therefore not voidable." Opinion, p. 5, citing *In re Montgomery*, 983 F.2d 1389, 1395 (6th Cir.1993). The doctrine is commonly understood in bankruptcy practice as a bandage applied to an otherwise avoidable preferential transfer wherein one creditor is substituted for another creditor and where the substitution of creditors does not cause diminution or harm the bankruptcy estate. *See.* 5 Lawrence P. King, *Collier on Bankruptcy* § 547.03[2] (15th ed.2005). In most "earmarking doctrine" cases, the transaction at issue occurs pre-petition. Here, the transaction at issue occurred post-petition. For this reason, consideration of the concepts of the "bankruptcy estate" and "property of the estate," render application of the earmarking doctrine as a defense legally inappropriate.

■ Before a bankruptcy is filed, a debtor has, absent some situation not in issue in this case, full title and authority to dispose of or encumber his assets. Only certain remedial provisions of federal bankruptcy and/or state law permit the unwinding of a *pre-petition* transaction that is prejudicial to a fair and orderly liquidation and distribution of a debtor's property to his creditors. Even where those limited remedial provisions would otherwise apply, the "earmarking doctrine" has been applied at times to avoid an unjust result.

■ The debtor's legal authority to dispose of property changes dramatically when he files a bankruptcy petition. The filing creates a bankruptcy estate that in-

cludes, among other things, all of the debtor's legal and equitable interests as of the commencement of the case. 11 U.S.C. § 541(a)(1); *In re Van Dresser Corp.*, 128 F.3d 945, 947 (6th Cir.1997). The bankruptcy estate holds title to the property of the estate, not the debtor. Section 541(a)(1) of Title 11 automatically transfers title to the bankruptcy estate whatever interests the debtor has in property as of the date of the petition so that these interests may be administered by the trustee. *In re Palace Quality Services Industries, Inc.*, 283 B.R. 868, 880 (Bankr.E.D.Mich. 2002). As an estate, dispositions of property of the estate must comply with provisions of the Bankruptcy Code in order to be valid and enforceable.

■■ Emphasizing the great care required in the management and disposition of property of the estate, the Bankruptcy Code provides for the appointment of a trustee to carry out the very specific duties set forth in the statute. *See,* 11 U.S.C. § 704. Trustees appointed under all Chapters of the Bankruptcy Code, their attorneys and other professionals, among others, are all fiduciaries to the estate, owing the duty of the utmost good faith and fair dealing to the estate and its beneficiaries. *In re Doors and More, Inc.*, 126 B.R. 43, 44 (Bankr.E.D.Mich.1991). Estate representatives must act in the best interest of the estate and its beneficiaries, without regard to their personal interest. Irving Sulmeyer, *2004 Collier Handbook for Trustees and Debtors in Possession,* § 10.1[1].

■ The primary purpose of 11 U.S.C. § 549 is to enable the trustee to avoid post-petition transfers of property which deplete the estate. 5 Lawrence P. King, *Collier on Bankruptcy* § 549.02 (15th ed.2005). Thus, Section 549 of the Bankruptcy Code serves as a powerful tool to

assist a trustee in upholding the all-important duty of orderly and efficient liquidation of a debtor's assets for the benefit of *all* creditors. It expressly enables the trustee to avoid unauthorized post-petition transfers of estate property with very limited exceptions. If there were no § 549, or if § 549 were to be undermined by *non-statutory* exceptions, the trustee would lose the ability to manage effectively the fair distribution of estate assets. For example, if a debtor could unilaterally sell estate assets subject only to a potential voiding of the transactions if the trustee could prove harm to the estate, the debtor would be encouraged to dispose of assets himself because he could potentially favor certain third parties with very little repercussion. At worst, the transaction would be voided. On the other hand, the trustee would be discouraged from independently attempting to dispose of estate assets because he could never know whether debtor was in the process of disposing of those assets. In short, the role of the trustee would be usurped by the debtor. Given the plain reading of § 549, this cannot be what Congress intended.

▮ During the Chapter 7 proceeding, Firstar requested and received an order terminating the automatic stay. Upon motion for partial summary judgment in the instant adversary proceeding, this Court ruled that termination of the stay did not operate as abandonment of the real property from the estate, a ruling that was apparently not appealed. Indeed, absent a clear ruling otherwise, stay relief does not permit a secured creditor or the Debtor to dispose of property of the estate by whichever manner they choose, without notice and opportunity for the estate representative to participate and protect the interests of the estate beneficiaries. Courts frequently grant secured lenders relief from the automatic stay, but deny abandonment

of the property so that the creditor may complete the foreclosure process while protecting the estate's interest in potential equity in the property. That was the situation in this case.

The Trustee sought avoidance of the transfer of the property between Frankie Shelton and Virgil Shelton. The purpose was to recover property of the estate and ultimately sell it and disburse the proceeds to the creditors. It appears to this Court that the Judgment voiding that transfer between Frankie Shelton and Virgil Shelton was never appealed to the District Court or the Sixth Circuit. Thus, Virgil Shelton held no interest which could be validly or legally mortgaged to the Bank. *See, In re Jones,* 186 B.R. 71, 77 (Bankr. W.D.Ky.1995) ("In order to grant a valid mortgage in property one must have present valid title, whether legal or equitable, or some other recognized property interest in the property sought to be mortgaged.")

The Trustee's claim at the outset was to avoid the transfer of property between Frankie Shelton and Virgil Shelton, not to recover funds transferred by Peoples Bank to Firstar. When this case is viewed in light of the claim actually brought by the Trustee, and not with 20/20 hindsight, whether there was diminution in the value of the estate cannot be dispositive. The Bankruptcy Code requires prior Court approval of post-petition transfers of estate assets to prevent harm not just to the estate as a whole, but to the entire bankruptcy process as expressly envisioned by Congress. An exception to prior Court approval should not be made simply because the harm to the "estate" cannot be quantified.

### CONCLUSION

For all of the above reasons, this Court finds that based on the Stipulation and Agreed Order of November 9, 2004, the

subject transaction did not result in a diminution of the estate; however, the earmarking doctrine does not apply to this case.

## ORDER

This matter came before the Court on remand by the United States District Court for the Western District of Kentucky on instruction from the United States Court of Appeals for the Sixth Circuit for further findings of fact and reconsideration of the applicability of the earmarking doctrine, the Court having considered the briefs of the parties and being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** pursuant to the accompanying Memorandum–Opinion incorporated by reference herein, that the transaction at issue did not result in diminution of the estate, but the earmarking doctrine does not apply to this transaction.